## Milton Frost v. John Lawler.

*Contract relations: Agency: Authority.* Where one under contract to drive another's logs at a fixed sum per thousand has procured board for his laborers upon representations that his principal would pay for the same, the principal will nevertheless not be holden therefor in the absence of any authority in his contractor thus to bind him, without some showing of contract relations between himself and the person furnishing such board; and a promise by the principal to his contractor to pay money for the latter's own benefit, and which was to be chargeable on the contract price, is not an authority to him to incur debts in his principal's name.

*Practice: Defendant in error: Appearance: Counsel: Attorneys of record.* Where the attorneys of record in the court below are retained as counsel for defendant in error in the supreme court, no formal notice of appearance is required; and counsel for plaintiff in error should recognize and treat the attorneys who appeared of record for the defendant in error in the court below, as his counsel in the supreme court, unless otherwise informed by actual notice.

*Practice: Noticing cause for hearing: Service of assignment of errors: Waiver.* A defendant in error who notices the cause for hearing, thereby waives any right to complain of failure to serve upon him a copy of the assignment of errors.

*Submitted on briefs April 20. Decided June 13:*

Error to St. Clair Circuit.

Counsel for defendant in error, when this cause was called, objected to its being heard, upon the ground that no copy of the assignment of errors had been served on them, they being the attorneys for the defendant in error in the court below.

Counsel for plaintiff in error replied that there having been no formal appearance in this court by defendant in error, no service of assignment of errors was required under the rules; and that the cause having been noticed for hearing by defendant in error and placed upon the docket at his instance, the service of a copy of the assignment of errors was thereby waived.

THE COURT held that no formal notice of appearance on the part of defendant in error was necessary; that the proper practice is for plaintiff in error and his counsel to recognize

and treat the attorneys who appeared of record for defendant in error below, as his counsel in this court, unless otherwise informed by actual notice; but that the defendant in error, by noticing the cause for hearing and procuring the same to be placed on the term docket, waived any right to complain of failure to serve a copy of the assignment of errors; and that the motion should therefore be denied.

*Maybury & Conely*, for plaintiff in error.

*Miles & Coe*, for defendant in error.

CAMPBELL, J:

Lawler sued Frost on the common counts, and, as his bill of particulars, filed an order on Frost, drawn by one Hiram H. Hunt, junior, for seventy-five dollars and ninety-five cents, payable to John Lawler or bearer, for board bill on the drive on Belle river.

This order was not accepted. Lawler relied on it as made by Hunt as Frost's agent to pay board of men employed in his work of driving logs in 1874.

Hunt had made a written contract with Frost to drive the logs at a fixed sum per thousand. He made the bargain for board with Lawler, who never had any conversation with Frost on the subject of Hunt's agency or of boarding men in Hunt's employ or under his supervision. Lawler acted on Hunt's statements that Frost would pay the board.

There is no evidence in the case tending to prove any agency in Hunt, or any contract relations between Frost and Lawler. By the contract with Hunt the latter was bound to pay his own expenses. If Frost agreed at any time to pay expenses or board bills, upon which it is very doubtful whether the evidence could be admitted against the written contract, it was, as shown by Hunt's testimony, not an authority to Hunt to incur debts in Frost's name, but a promise to pay money for Hunt's own benefit, and which would be chargeable on the contract price. The testimony

FROST *v.* LAWLER.

falls directly within the rule of *Wells v. Martin, 32 Mich. R., 478.* It had no tendency to show contract relations between Lawler and Frost.

The court erred in not charging that on the pleadings and testimony plaintiff could not recover.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.